**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § | |
| **v.** | § § | NO. 4:19-CR-00068-ALM-CAN |
| **DAVID MCKINNEY,** | § § § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion to Reconsider Detention and Grant Pretrial Release (the "Motion") (Dkt. 553), to which the Government filed a response (Dkt. 554). Defendant filed a supplement (Dkt. 556) and a second supplement (Dkt. 557) to the Motion. The Government filed a response to the supplements (Dkt. 558) and Defendant filed a reply (Dkt. 564).

Defendant is charged in a Third Superseding Indictment with Conspiracy to Distribute or Possess with Intent to Distribute or Dispense Cocaine, in violation of 21 U.S.C. § 846 ("Count 1") as well as Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) ("Count 2"). *See* Dkt. 399.

Defendant waived his right to a detention hearing and the Court ordered that Defendant be detained pending trial without prejudice to his re-raising the issue of pretrial detention at any time. *See* Dkt. 136. In the present Motion, Defendant presents that he suffers from hypertension and heart disease which place him at a higher risk for infections and complications if he were to contract COVID-19. *See* Dkt. 553 at 3. Defendant argues that he has a home to which he can safely be released with ankle monitoring. *See id*.

"A detention hearing 'may be reopened . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of

such person as required and the safety of any other person and the community.'" *United States v. Mathes*, 593 F. App'x 391, 392 (5th Cir. 2015) (citing 18 U.S.C. § 3142(f)(2)). In making a determination of whether there are conditions of release that will reasonably assure the appearance of a defendant and the safety of the community, the court shall consider "(1) the nature and circumstances of the offense charged;" "(2) the weight of the evidence against the person:" "(3) the history and characteristics of the person;" and "(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Defendant has offered no new information or evidence that has a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance and the safety of any other person and the community. Importantly, Defendant has not demonstrated how general concerns related to COVID-19 apply specifically to his case; Defendant's general concerns regarding COVID-19 apply to every prisoner. Defendant's argument for release due to the inherent nature of detention, which applies to all prisoners, does not address either prong of the § 3142(f)(2) analysis, and fundamentally cannot be accomplished by the Court. *See United States v. Munguia*, No. 3:19-CR-191-B (03), 2020 WL 1471741, at *4 (N.D. Tex. Mar. 26, 2020) (denying reopening of issue of detention where the defendant's argument would be an argument for releasing all detainees); *see also United States v. Fitzgerald*, Case No. 2:17-cr-00295-JCM-NJK, 2020 WL 1433932, at *2 (D. Nev. Mar. 24, 2020) ("Defendant's argument . . . applies equally to anyone in custody or, for that matter, at the halfway house or anywhere else in this community or any other. Defendant's argument applies equally to every detainee in detention; however, the Court cannot release every detainee at risk of contracting COVID-19 because the Court would then be obligated to release every detainee. Therefore, the Court finds Defendant's COVID-19 argument unpersuasive.").

In considering pre-trial detention, courts shall consider the "history and characteristics of the person." 18 U.S.C. § 3142(g)(3). This factor includes an assessment of an individual's "family ties" and, more pertinent to the present issue, an individual's "physical and mental condition." *See id*. Defendant cites his hypertension and heart disease diagnosis but does not explain how his reported conditions put him specifically at risk in Fannin County Jail.

The Court has previously considered the issues presented by COVID-19 generally as to all detainees. *See United States v. Ayala-Calderon*, No. 4:19-cr-276, 2020 WL 1812587, at *2–4 (E.D. Tex. Apr. 8, 2020) (citing the ongoing response to the COVID-19 pandemic in the Eastern District, the state of correctional facilities, and the developing case law concerning the issue of pretrial release for COVID-19 related reasons). To the Court's best knowledge, as of May 25, 2020, in Fannin County Jail there are three inmates with active positive test confirmation, ninety-six inmates are quarantined/isolated, but not active, and there have been zero confirmed deaths related to COVID-19. *See* https://www.tcjs.state.tx.us/wp-content/uploads/2020/05/TCJS_COVID_Report.pdf.

Defendant has not presented any countervailing argument or evidence that adequate precautions are not being taken in Fannin County Jail. Moreover, Defendant has not presented convincing argument that Defendant's potential exposure to COVID-19 would be meaningfully limited upon release from detention. Thus, considering the information before the Court, Defendant has not demonstrated that concerns related to COVID-19 raise new issues regarding his physical and mental condition. As such, Defendant has failed to meet his burden to demonstrate that the Court should reconsider the finding of detention.

For the reasons set forth herein, it is **ORDERED** that Defendant's Motion to Reconsider Detention and Grant Pretrial Release (Dkt. 553) is **DENIED**.

**So ORDERED and SIGNED this 26th day of May, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE