UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| v. § | |
| § | Case No. 4:19-CR-068-ALM-CAN-4 |
| DAVID McKINNEY § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Reconsider Detention and Grant Pretrial Release (Dkt. 837) (the "Motion"), to which the Government is opposed.

Defendant is charged in the Third Superseding Indictment with a violation of 21 U.S.C. § 846 (Conspiracy to Distribute or Possess with Intent to Distribute or Dispense Cocaine) and 18 U.S.C. § 924(c) (Possession of a Firearm in Furtherance of a Drug Trafficking Crime). *See* Dkt. 366. On April 8, 2019, Defendant waived his right to a detention hearing and, thus, was detained pending his trial. *See* Dkt. 135.

Pursuant to Defendant's Motion for Release from Custody (Dkt. 553), the Court held a detention hearing on June 17, 2020. *See* 584. After hearing the evidence, the Court denied Defendant's Motion for Release from Custody, finding that it could not fashion any condition or combination of conditions that would reasonably assure the safety of the community and would reasonably assure Defendant's appearance as required in these proceedings. Dkt. 592. In support of its finding, the Court summarized the Government's evidence as follows:

> Officer Poling testified that the executed search warrants on two addresses affiliated with Defendant yielded drug ledgers identifying Defendant as a customer of the drug organization. After a thorough review of the discovered materials, officers believe that three hundred (300) kilograms of cocaine are attributable to Defendant. The search warrants also yielded four (4) kilograms of cocaine and drug ledgers corroborating information that Defendant had recently obtained eight (8) kilograms of cocaine from that searched location, which officers believed to be a stash location. As a result of the search warrants, law enforcement also seized cash believed to be drug proceeds and over twenty firearms, including an Uzi

> submachine gun, a sawed-off shotgun, and multiple silencers. Some of the firearms were loaded when seized.
>
> Officer Poling stated that a vehicle Defendant was observed driving on a regular basis was seized from Defendant's son when Defendant was not present. Investigation revealed a hidden compartment in the vehicle air bag area containing a loaded handgun.
>
> Defendant was directed to self-surrender and, though officers worked with Defendant's family members, he did not self-surrender. Rather, after failure to surrender, officers executed a search warrant at a residence in which Defendant was believed to be living or hiding. Officers discovered a hidden panel in the kitchen which lead to a secret room where Defendant was hiding. In the location he was hiding, officers found fifteen (15) firearms, twenty (20) magazines, and two (2) suppressors/silencers. Notably, minors lived in the home in which Defendant was hiding.

*Id.*

In the Motion, Defendant argues he should be released from custody because he "suffers from a number of health conditions and believes he is not being properly treated by the prison staff at Fannin County Jail." Dkt. 837.

"A detention hearing 'may be reopened . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.'" *United States v. Mathes*, 593 F. App'x 391, 392 (5th Cir. 2015) (citing 18 U.S.C. § 3142(f)(2)). In making a determination of whether there are conditions of release that will reasonably assure the appearance of a defendant and the safety of the community, the court shall consider (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Defendant has offered no new information or evidence that has a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance and the

safety of any other person and the community. Accordingly, Defendant's Motion to Re-open Detention Hearing (Dkt. 837) is **DENIED**.

Regarding Defendant's allegations regarding improper medical treatment at the Fannin County Jail, the Court will inquire and enter additional orders under separate cover if necessary.

**So ORDERED and SIGNED this 11th day of June, 2021.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE